# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

NEAL ALBRITTON,

    Plaintiff,

      v.

CENTENE CORPORATION,

    Defendant.

Case No.:  2:26-cv-00979-DJC-SCR

**SCHEDULING ORDER**

1

**I.      SERVICE OF PROCESS**

The named defendant has been served as required by Federal Rule of Civil Procedure 5.  No further service is permitted without leave of the Court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

**II.     JOINDER OF ADDITIONAL PARTIES / AMENDMENT OF PLEADINGS**

No further joinder of parties or amendments to pleadings is permitted without leave of the Court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**III.    DISCOVERY PROCEDURES**

Discovery matters that do not implicate the schedule of the case or that do not relate to sealing or redaction of documents related to dispositive motions are referred to the assigned United States Magistrate Judge, who will hear all discovery disputes subject to his or her procedures.  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Do not direct delivery of courtesy copies of these documents to the District Judge.  Counsel are directed to review and comply with the case management procedures of the assigned Magistrate Judge when setting applicable discovery matters for hearing.  All motions to compel discovery must be noticed on the assigned Magistrate Judge's calendar in accordance with the local rules of this Court and the Magistrate Judge's own procedures.

The written ruling of the assigned Magistrate Judge shall be final, subject to modification by the District Judge only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A). Pursuant to Local Rule 303, any party may file and serve a "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling."  *See* L.R. 303(c). The requesting party must file and serve any such request within fourteen (14) days of service of a written ruling.  L.R. 303(b).  The request must specify which portions of the ruling are clearly erroneous or contrary to law and the basis for that contention with

supporting points and authorities.  L.R. 303(c).

In addition, the assigned Magistrate Judge reviews proposed discovery phase protective orders sought by the parties pursuant to Local Rule 141.1.  However, requests to seal or redact in connection with dispositive motions or trial are decided by Judge Calabretta and any such requests must comply with Judge Calabretta's Standing Order and Local Rules 140 and 141.

## IV. DISCOVERY DEADLINES

### A. Rule 26(a) Initial Disclosures

If not already completed, all parties appearing shall make initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a)(1) within 14 days after the parties' Rule 26(f) conference.  Any parties served or joined after the issuance of this scheduling order shall "make the initial disclosures within 30 days after being served or joined," as provided by Rule 26(a)(1)(D).

### B. Fact Discovery

All fact discovery shall be completed[1] no later than **2/12/2027**.

### C. Expert Discovery

The parties shall disclose initial experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) no later than **3/12/2027**.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before **4/9/2027**.  All expert discovery shall be completed no later than **5/7/2027**.

Disclosures of expert witnesses, if any, must be made pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), (B) and (C), and shall include all information required thereunder.  Each expert witness must be fully prepared to be examined on all

---

[1] As used herein, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. The parties are advised that motions to compel must be filed in advance of the discovery completion deadlines so that the Court may grant effective relief within the allotted discovery time.  A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

subjects and opinions included in the disclosures.  Failure to comply with these requirements may result in the imposition of appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.

### D.   Joint Mid-Discovery Statement

By **9/25/2026**, all parties shall file with the Court a brief Joint Mid-Discovery Statement summarizing the current status of discovery proceedings.  In this statement, parties should state whether parties are actively engaged in discovery and identify any issues preventing discovery from proceeding in a timely manner.  The filing of this statement shall not relieve the parties or counsel of their obligations to meet and confer, comply the deadlines set by the court, and timely notice all appropriate discovery motions.

### V.   MOTIONS

All dispositive motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before **7/16/2027** and shall be noticed for hearing before Judge Calabretta on **9/9/2027 at 1:30 p.m.** Counsel are directed to refer to the local rules and Judge Calabretta's Standing Order regarding the requirements for noticing and opposing such motions on the Court's regularly scheduled law and motion calendar.

All moving and opposition briefs or legal memoranda in civil cases shall not exceed twenty-five pages without prior leave of court. Reply briefs filed by moving parties shall not exceed fifteen pages. The Court will grant an application to extend these page limitations only after good cause shown. Pages that exceed the page limitations without leave of court will not be considered. Finally, no supplemental briefs or sur-replies shall be filed and will not be considered without prior leave of court.

Prior to filing a motion for summary judgment or motion for partial summary judgment (summary adjudication), the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion as required by

Judge Calabretta's Standing Order.  Failure to do so may result in denial of the motion. Prior to filing a Motion for Summary Judgment, the moving party should meet and confer with the non-moving party to determine whether there are undisputed facts to which the parties can stipulate.  Any such facts should be filed with the Motion as a Joint Statement of Undisputed Facts.  The moving party shall also include a Separate Statement of Undisputed Facts with their motion for any facts that the moving party believes to be undisputed but for which stipulation was not possible.  The nonmoving party shall reproduce and respond to the moving party's Statement of Undisputed Facts.  The nonmoving party may also file a concise Statement of Disputed Facts.  The moving party shall reproduce and respond to the nonmoving party's Statement of Disputed Facts, but the moving party may not file a reply to the nonmoving party's response to the Statement of Undisputed Facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or provide a statement of good cause for the failure to do so.  In addition to the above, when filing any motion, parties should reference and ensure compliance with Judge Calabretta's Standing Order.

## VI.    SETTLEMENT CONFERENCE

No Settlement Conference is currently scheduled. If the parties wish to have a settlement conference, one will be scheduled at the final pretrial conference or at an earlier time upon request of the parties.

## VII.    FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for **1/13/2028 at 1:30 p.m.** in Courtroom 7 before District Court Judge Daniel J. Calabretta.  Hearings may be conducted by Zoom upon the joint request of all parties.

The parties are directed to file a **joint** pretrial statement that complies with the requirements of Local Rule 281 and Judge Calabretta's Standing Order in Civil Cases not less than seven (7) days prior to the Pretrial Conference.  Counsel shall e-mail a copy of the joint pretrial statement in Word format to Judge Calabretta's chambers at

djcorders@caed.uscourts.gov immediately thereafter.

The parties' attention is directed to Local Rules 281 and 282.  This Court will insist upon strict compliance with these rules.  At the pretrial conference, the Court will set deadlines to file trial documents, including motions *in limine*, trial briefs, and proposed jury *voir dire*, instructions, and verdict forms (where applicable).

## VIII.    JURY TRIAL

A jury trial is set for **3/6/2028 at 8:30 a.m.** in Courtroom 7 before District Court Judge Daniel J. Calabretta.  Trial is anticipated to last five to seven (5-7) court days.

## IX.    RELATED MATTERS PENDING

The parties have not alerted the court to any related litigation.

## X.    OBJECTIONS AND MODIFICATIONS TO THE SCHEDULING ORDER

**This case schedule will become final without further order of the Court unless objections are filed within fourteen (14) days of the entry of this order.** The schedule, once final, shall not be modified except by leave of the Court upon showing of good cause.  Counsel shall contact Judge Calabretta's courtroom deputy, Gabriel Michel, via e-mail at gmichel@caed.uscourts.gov, prior to filing a stipulation and proposed order to continue the dates set forth herein.

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, no stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them.  Agreement of the parties by stipulation alone does not constitute good cause.  Counsel are cautioned that requests or stipulations to continue dispositive motion deadlines or trial dates must establish good cause exists and are not granted lightly.

Any request or stipulation to modify this scheduling order must set forth:

1. The existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;

2. Whether there have been prior requests for extensions, and whether these were granted or denied by the Court; and

3. Specific, concrete reasons supporting good cause for granting of the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of ongoing negotiations, e.g., that a mediator has been selected; written proposals have been exchanged; a draft settlement agreement is being reviewed by counsel; etc.

IT IS SO ORDERED.

Dated: May 18, 2026                          /s/ Daniel J. Calabretta
                                             THE HONORABLE DANIEL J. CALABRETTA
                                             UNITED STATES DISTRICT JUDGE